CITY OF LINCOLN, APPELLANT, V. JENNIE C. BELL, APPELLEE.

FILED JULY 1, 1902.  No. 11,839.

Commissioner's opinion, Department No. 1.

1. **Bill of Exceptions:** PETITION IN EQUITY: NEW TRIAL: LOST RECORD. Where a bill of exceptions has been duly settled, allowed and filed with the clerk, a new trial will not be granted in an action at law upon a petition in equity, where it is not made to appear that the lost bill can not be supplied as other lost records.

2. ———: NEW TRIAL: QUÆRE. Whether a court of equity will grant a new trial in an action at law on account of the loss of a bill of exceptions duly settled, allowed and filed with the clerk, *quære.*

3. **Petition.** Petition examined, and *held* not to state facts sufficient to entitle plaintiff to equitable relief.

4. **Evidence.** Evidence examined, and *held* sufficient to sustain the finding and judgment of the trial court.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Edmund C. Strode* and *D. J. Flaherty,* for appellant.

*Lionel C. Burr* and *Elmer E. Spencer, contra.*

KIRKPATRICK, C.

This is an appeal on behalf of the city of Lincoln from an order and judgment of the district court for Lancaster county, dismissing its petition in equity for a new trial in the case of Jennie C. Bell against the city of Lincoln. The record, briefly stated, discloses that on the 28th day of April, 1899, Jennie C. Bell brought her action in the district court of Lancaster county against the city of Lincoln to recover the sum of $15,000, alleged to be due her for injuries received by reason of falling on a sidewalk in the city of Lincoln. An answer was filed by the city, trial was had, and on September 15, 1899, a verdict was rendered in favor of Jennie C. Bell and against the city of Lincoln for $2,500. A motion for a new trial on behalf of the city was overruled, and judgment entered in the sum of $2,500. Forty days, which were subsequently extended to eighty, were given the city within which to serve a bill of exceptions. Within the time fixed by the trial court the bill of exceptions was served, and subsequently settled and allowed, and was filed in the office of the clerk of the district court, and became a part of the records in the case. Some time subsequent to the filing of the bill of exceptions, and prior to the expiration of the year within which error proceedings were required to be brought in this court, it was discovered that the bill of exceptions was lost or mislaid; at least, it could not be found in the office of the clerk of the district court. Thereupon on the 28th day of August, 1900, and before the expiration of the year, the city of Lincoln filed a petition in equity in the district court, asking for a new trial in the case at law wherein Jennie C. Bell had recovered her judgment, upon the ground that the bill of exceptions had been lost. To this petition an answer was interposed by Jennie C. Bell, which, among other things, pleaded that

pursuant to a resolution of the city council directing the city attorney to file a waiver of error in the said case in consideration of the appellee filling a remittitur or release of $200 on the judgment, such waiver and remittitur were duly filed, and the city was estopped from prosecuting its proceedings for a new trial. To this answer a reply was filed on behalf of the city, in which it was alleged that the action of the city council in authorizing the filing of a waiver of error was at a subsequent meeting of the council rescinded, and that the city attorney was notified not to file such waiver, and further alleged that the city made no claim on account of such remittitur.

In our view of the case it will not be necessary to consider the effect to be given to the filing of the waiver of error, and of the attempted remittitur of a portion of the judgment. The sole question requiring consideration in brief of appellant, the city of Lincoln, is whether, under the pleadings and the evidence in the record before us, appellant was entitled to a new trial in the action at law. The petition filed by appellant, omitting formal parts and such allegations as are not material for consideration, alleges that the bill of exceptions in the law case had been duly served, settled and allowed, and filed for record with the clerk of the district court; and, in addition thereto, pleaded its cause of action in the words following:

"That this plaintiff is advised and informed by said clerk that said bill of exceptions can not be found, and that the same is lost, so far as is known by said clerk or your petitioner; that this plaintiff has made repeated demands of the said clerk for the delivery of said bill of exceptions, but said clerk has at all times, when so requested, been unable to produce the same or deliver the same to this plaintiff; that this plaintiff has in no way been negligent in the matter of preserving or caring for said bill of exceptions, and it is in no way responsible for, and in no way contributed to the loss of the same.

"Plaintiff alleges and charges the fact to be that there was prejudicial error in the trial of said cause; that in

the judgment of its counsel, said cause would have been reversed by the supreme court of the state upon errors assigned in its motion for a new trial, and which would have been made the basis of a petition in error, and that in the judgment of its counsel the judgment of the trial court entered upon the verdict of the jury in said cause would have been set aside by the supreme court of Nebraska and said cause reversed and remanded for further proceedings therein, had this plaintiff been permitted to proceed with the error proceedings so instituted in said cause. Plaintiff says that on account of the loss of said bill of exceptions, it is unable to proceed further in said error proceedings, and will be unable to prosecute error to the supreme court in said cause, and will be denied the right to prosecute error to the supreme court or to appeal said case; that unless said judgment be set aside and a new trial granted by this court, said judgment of the trial court in said cause will become final and conclusive, and this plaintiff will be obliged to pay the same, and will by reason of the loss of said bill of exceptions as herein alleged, be deprived of the right to appeal or the right to prosecute error to the supreme court from the proceedings of said trial in said case, and will suffer great irreparable damage and injury, for all of which this plaintiff has no adequate remedy at law."

To the sufficiency of this petition a demurrer was interposed by appellee, which was by the trial court overruled. The question of the sufficiency of the petition was again presented by an objection at the commencement of the trial to the introduction of any evidence.

After a careful examination of the petition, the material paragraphs of which have been quoted, we are of opinion that it wholly failed to state facts sufficient to entitle appellant to a new trial in the law case. The bill does not even contain a direct allegation that the bill of exceptions is lost. Nor does it contain an allegation that the lost bill of exceptions, if indeed it be lost, can not be easily supplied. Under the laws of this state, a bill of excep-

tions, after being duly allowed, must be filed with the clerk of the district court, and thereupon becomes a part of the records of the court. *First Nat. Bank of Denver v. Lowrey,* 36 Nebr., 290; *Aultman v. Patterson,* 14 Nebr., 57. And we are unable to see any valid reason why the bill of exceptions, after being settled and filed, and thereafter lost, can not be supplied the same as any other lost record of the court. In either case the principle would be the same, and while it might be more difficult to substitute a copy of a bill of exceptions for one lost, yet ordinarily no difficulty in doing so would arise. In the case at bar there is nothing in the petition to show that a copy of the bill of exceptions could not have been easily supplied. The limit of time within which error proceedings must have been prosecuted had not yet expired when this suit was instituted; and had appellant duly filed in this court a transcript and petition in error, and by proper motion brought the matter of the lost bill of exceptions to the attention of the trial court, there is no doubt whatever that the lost bill might have been supplied. It is, therefore, clear that the petition does not state facts entitling appellant to the relief prayed for—first, because it is not pleaded that the bill of exceptions is lost; and, second, because of the failure to plead its inability, by a proper proceeding, to supply the bill, if lost.

From a careful examination of the evidence in the case, we are satisfied that in this regard also appellant has failed to show itself entitled to relief. From the evidence the trial court was justified in finding that if the bill was mislaid or lost, it was on account of the fault and negligence of the city officers. Again, it fairly appears from the evidence that appellee, the next day after the commencement of this suit, offered to stipulate with the attorney for the city that a copy of the lost bill of exceptions be substituted. It is also very apparent that the official reporter stood ready to supply the bill of exceptions from his notes on payment by the city of his legal fees therefor. While this is not clearly established by positive evidence,

yet it is established that the reporter presented to the attorney for the city a bill covering the amount for which he was ready to furnish a second copy of the evidence.

The trial court found that the bill filed by the city asking a new trial was without equity, and this finding, in our opinion, is abundantly sustained by the evidence in the record. The power of the district court, upon a bill in equity in a proper case, to grant a new trial may be regarded as settled in this state. *Munro v. Callahan*, 55 Nebr., 75. *Barr v. Post*, 59 Nebr., 361. It is also settled that such new trial may be granted because the party complaining, without fault on his part, has been deprived of the right to a settlement and allowance of a bill of exceptions. *Mathews v. Mulford*, 53 Nebr., 252. But we are not inclined to extend the rule, and say that a party may obtain a new trial even after the allowance and settlement of a bill of exceptions, and such bill has been duly filed and become a part of the records of the court; especially where it is apparent that by a reasonable effort the record claimed to be lost might be supplied. The judgment of the trial court is right, and it is therefore recommended that the same be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.